In the Matter of Robert
A. CARAVELLI.

No. 34S00——6–DI–365.

Supreme Court of Indiana.

Nov. 28, 2001.

*ORDER APPROVING AGREED RESOLUTION OF OBJECTIONS TO AUTOMATIC REINSTATEMENT*

On July 6, 2001, this Court suspended the respondent, Robert A. Caravelli, from the practice of law in this state for a period of 30 days, beginning August 8, 2001, with automatic reinstatement thereafter. *Matter of Caravelli,* 750 N.E.2d 376 (Ind.2001). On September 6, 2001, this Court stayed the respondent's automatic reinstatement upon the Disciplinary Commission's verified objections filed pursuant to Ind.Admission and Discipline Rule 23(26). The respondent and the Disciplinary Commission then tendered for this Court's approval their *Agreed Proposed Resolution to Objection to Automatic Reinstatement.* Upon considering the tendered agreement, we found on October 26, 2001 that:

1. The Commission objected to the respondent's automatic reinstatement on three grounds: the respondent's failure to satisfy the costs assessed against him, his failure to file an affidavit as specified in subsection 26, and his attempt during the period of his suspension to file papers in

a representative capacity in the Howard Superior Court II.

2. After this Court stayed the respondent's automatic reinstatement on September 6, 2001, the respondent argued initially that he had filed no affidavit "because [he] had no clients who had hearings set during the period of suspension or other services which would have required substitute counsel." That statement was not accurate.

3. On September 13, 2001, the respondent paid the costs assessed against him to the satisfaction of the Commission.

4. The agreed resolution of the Commission's objections provides, *inter alia*, that the respondent and the Commission discussed the Commission's views concerning the significance of an order of suspension for the respondent's ability to file papers in court proceedings in any representative capacity during the term of his suspension, and that the respondent expressed his understanding of those views and commits to act in conformity with them.

On October 26, we found further that the respondent had not yet filed an affidavit which conformed with Admis.Disc.R. 23(26)(c). We stated that the agreement of the respondent and the Commission would be accepted and that the respondent would be reinstated upon his submission of a compliant affidavit. On November 3, 2001, the respondent submitted an affidavit. We now find that it satisfies the requirements of Admis.Disc.R. 23(26)(c).

IT IS, THEREFORE, ORDERED that the agreed resolution of the Disciplinary Commission's objections to the automatic reinstatement of Robert A. Caravelli is hereby accepted. Accordingly, the respondent, Robert A. Caravelli, is hereby rein-

stated to the practice of law in this state, effective immediately.

The Clerk of this Court is directed to forward notice of this order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to other entities specified in Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.